IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TANTIVY COMMUNICATIONS, INC., § <br>     Plaintiff, § <br> § <br> v. § <br> § <br> § <br> LUCENT TECHNOLOGIES INC., § <br>     Defendant. § <br> § <br> § | CIVIL ACTION NO. 2:04-CV-79 (TJW) |

**ORDER**

    Before the Court is Lucent's Motion to Compel (#79). The Court grants the Motion in part and carries the Motion in part:

    Lucent brought its motion complaining of numerous deficiencies with Tantivy's privilege log. For most of Lucent's arguments, the Court carries the requested relief and will address the privilege issue at appropriate times during the trial. However, as to the issue regarding the prior art and prosecution files in the possession of Tantivy, the Court grants Lucent's Motion in its entirety.

    Because Tantivy refused to produce documents on its privilege log that appeared not to be privileged, Lucent was left no choice but to subpoena Mr. David Thibodeau, Jr. and his law firm Hamilton, Brook, Smith and Reynolds ("HBSR") who prosecuted the patents-in-suit. Mr. Thibodeau was also deposed and testified that he sent about 15 boxes of documents to Tantivy's lawyers after receiving Lucent's subpoenas. Tantivy, however, has refused to produce these boxes, asserting that everything in the boxes was privileged – including the prior art documents. Tantivy's position is insupportable, and the Court rejects it.

    First, prior art is a factual document. It is axiomatic that merely putting a fact or factual document in the possession of an attorney will not protect it from production. Moreover, courts in

the Eastern District of Texas have held that prosecution files, excepting communications to and from the client, cannot be protected under the work product doctrine and should be produced. *See, e.g., Power Mosfet Technologies v. Siemens AG*, 206 F.R.D. 422, 423-424 (E.D. Tex. 2000)(noting that work product does not apply to prosecution materials in a patent application, which are never prepared in immediate anticipation of litigation.).

Accordingly, the Court orders that Tantivy produce ***all prior art*** within its possession by 9:00 a.m., November 2, 2005.  Further, Tantivy is ordered to produce ***all prosecution files and documents***, exempting correspondence to and from the client, by 9:00 a.m., November 2, 2005.  The court will consider the question of an appropriate remedy once Lucent has had the opportunity to review the materials produced pursuant to this order.

SIGNED this  1st  day of November, 2005.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE